UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **FRED RICHISSIN, individually, and on behalf of ALL OTHERS SIMILARLY SITUATED,** **Plaintiff** | CIVIL ACTION NO. 2:19-cv-13442 SECTION: |
| **VERSUS** | JUDGE |
| **CAMBER, HETERO USA, HETERO LABS, HETERO, SOLCO, PRINSTON, HUAHAI US, ZHP, AUROBINDO PHARMA, LTD., AUROBINDO PHARMA USA, INC., AUROLIFE PHARMA, LLC, and CVS,** **Defendants** | MAGISTRATE |

**NOTICE OF REMOVAL**

**NOW INTO COURT**, through undersigned counsel, comes Defendants Aurobindo Pharma USA, Inc. and Aurolife Pharma, LLC (hereinafter, respectively, "Aurobindo USA" and "Aurolife"), who remove the action captioned *Fred Richissin, et al. v. Camber, et al.*, Case No. 201913601, Division F, from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, to the United States District Court for the Eastern District of Louisiana, pursuant to 28 U.S.C. §§ 1332, 1141, 1446, and 1453 on the basis of diversity jurisdiction under the Class Action Fairness Act ("CAFA"). In support of this Notice of Removal, Defendants aver as follows:

**1.**

Plaintiff Fred Richissin, an individual, on behalf of himself and others similarly situated ("Plaintiff") commenced this action on or about July 16, 2019 in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana, which is a state judicial district within the Eastern District of Louisiana pursuant to 28 U.S.C. §98(a). Attached hereto as **Exhibit A** is a complete copy of all process, pleadings, and orders currently filed in the 22nd Judicial District Court for the Parish of St. Tammany.

**2.**

The caption of the Petition for Damages names "Camber, Hetero USA, Hetero Labs, Hetero, Solco, Prinston, Huahai US, ZHP, Aurobindo Pharma, Ltd., Aurobindo Pharma USA, Ind. [sic], Aurolife Pharma, LLC, and CVS" as Defendants.[1]

**3.**

The body of the Petition for Damages also purports to identify the following as "Parties": Mylan Laboratories, Ltd; Mylan, N.V.; Mylan Pharmaceuticals, Inc.; Teva Pharmaceutical Industries Ltd.; Teva Pharmaceuticals USA, Inc.; Actavis LLC; Arrow Pharm Malta Ltd.; Actavis Pharma, Inc.; Torrent Private Limited; Torrent Pharmaceuticals, Ltd.; Torrent Pharma, Inc.; Walgreens Boots Alliance; Walmart; Rite Aid; Express Scripts; The Kroger Co.; Albertsons; Optum Rx; Optum Inc.; Humana Pharmacy; Cardinal Health; Harvard Drug Group, LLC; Major Pharmaceuticals, Inc.; McKesson Corporation; AmerisourceBergen Corporation; A-S Medical Solutions, LLC; Bryant Ranch Prepack, Inc.; H.J. Harkins Co., Inc. d/b/a Pharma Pac; RemedyRepack, Inc.; Northwind Pharmaceuticals; NuCare Pharmaceuticals, Inc.; Preferred Pharmaceuticals, Inc.; AvKARE, Inc; and, John Does 1-50.[2]

**4.**

None of the foregoing entities appear in the caption of the Petition for Damages, nor do they appear in Plaintiffs' letter filed with the Court on October 9, 2019 seeking preparation of "Long Arm Service documents" for Defendants Zhejiang Huahai Pharmaceutical Co., Ltd. (hereinafter, "ZHP"), Huahai U.S., Inc. (hereinafter "Huahai U.S."), Solco Healthcare U.S., LLC (hereinafter "Solco"), "Prinston Pharmaceutical Inc d/b/a Solco Healthcare, LLC," Hetero USA, Inc. (hereinafter "Hetero USA"), Camber Pharmaceuticals, Inc. (hereinafter "Camber"),

---

[1] *See* Petition for Damages, p. 1, included in **Exhibit A**.
[2] *See* Petition for Damages, Section I, ¶¶ 10-17, 24-29, 35-51 and 60-96, included in **Exhibit A**.

Aurobindo USA, Aurolife, and CVS Health Corporation.[3]  Attached hereto as **Exhibit B** is a true and correct copy of Plaintiff's letter filed October 9, 2019.

**5.**

Defendants Aurobindo USA and Aurolife were served on October 15, 2019 and October 18, 2019, respectively.

**6.**

Defendant Hetero USA has been served.  Defense counsel for Aurobindo USA and Aurolife has corresponded with counsel for Hetero USA and they consent to removal of this action.  A copy of Hetero USA's written consent to removal is attached hereto as **Exhibit C**.

**7.**

Foreign Defendants Aurobindo Pharma Ltd., Hetero Labs, Ltd. and Hetero Drugs, Ltd. have not been served.  All of these Defendants are in India.

**8.**

Defendant CVS Pharmacy, Inc., *improperly pled as* CVS Health Corporation, was served on October 15, 2019.  Defense counsel for Aurobindo USA and Aurolife has corresponded with counsel for CVS Pharmacy, Inc., and they consent to removal of this action.  A copy of CVS Pharmacy, Inc.'s written consent to removal is attached hereto as **Exhibit D**.

---

[3] Since none of these entities are identified in the caption of the Petition for Damages, they are not "defendants" to the action and, therefore, their consent to removal is not required. *See* 28 U.S.C. § 1446(b)(2)(A) (stating that "defendants" must consent). Even if they were considered defendants, their consent would not be required because they have not been served. *See Id*. (limiting the requirement of consent to those defendants "properly joined and served"). Aurobindo USA and Aurolife are not aware of any service on those entities and no affidavits of service have been filed in this action. In any event, none of those entities is a Louisiana citizen for purposes of diversity jurisdiction. *See* Petition for Damages, Section I, ¶¶ 10-17, 24-29, 35-51 and 60-96, included in **Exhibit A**. Furthermore, counsel for Aurobindo USA and Aurolife has communicated with counsel for the Mylan entities, Rite Aid, NuCare Pharmaceuticals, Bryant Ranch Prepack, Cardinal Health, Harvard Drug, Major Pharmaceuticals, and Humana Pharmacy and they confirmed their clients' have not been served.

**9.**

Defendant Camber was served on October 18, 2019. Defense counsel for Aurobindo USA and Aurolife has corresponded with counsel for Camber and they consent to removal of this action. A copy of Camber's written consent to removal is attached hereto as **Exhibit E**.

**10.**

Defendants Huahai U.S. and Prinston Pharmaceutical Inc., *improperly identified as* Prinston Pharmaceutical, Inc. d/b/a Solco Healthcare, LLC (hereinafter "Prinston") have been served. Defendants ZHP and Solco have not been served. Defense counsel for Aurobindo USA and Aurolife has corresponded with counsel for Huahai U.S., Prinston, ZHP and Solco, and they consent to removal of this action. A copy of Huahai U.S., Prinston, ZHP and Solco's written consent to removal is attached hereto as **Exhibit F**.

**11.**

This Notice of Removal is filed within thirty (30) days of Defendants Aurobindo USA's, Aurolife's, CVS's, Camber's and Hetero USA's receipt of the Petition for Damages, and as such, pursuant to the requirements set forth in 28 U.S.C. § 1446(b), this Notice of Removal is timely filed.

**REMOVAL BASED ON DIVERSITY JURISDICTION**

**12.**

This Court has subject matter jurisdiction over Plaintiff's claims under CAFA.

**13.**

Under CAFA, federal district courts have original jurisdiction over class actions in which (1) the number of putative class members exceeds 100, (2) the amount in controversy exceeds

$5,000,000, and (3) where any proposed class member and any defendant are citizens of different states. 28 U.S.C. § 1332(d). This class action satisfies each of these requirements.

14.

CAFA defines a "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule or judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

15.

Plaintiff's Petition for Damages asserts a class action pursuant to Louisiana Code of Civil Procedure article 591.[4]

### A. **Complete Diversity Exists, Though Only Minimum Diversity is Required.**

16.

In non-Class removal cases, The Supreme Court held "diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978).

17.

"Individuals are citizens of their state of domicile." *Munoz v. Small Bus. Admin.*, 644 F.2d 1361, 1365 (1981); *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (2001) ("A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return.").

18.

A corporation is a "citizen" of both the state in which it was incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c).

---

[4] *See* Petition for Damages, ¶ 379, included in **Exhibit A**.

**19.**

CAFA has relaxed the requirement that all plaintiffs be diverse from all defendants, to allow jurisdiction where at least one plaintiff is diverse from at least one defendant – i.e., minimum diversity.  *See* 28 U.S.C. § 1332(d).

### i. Defendants and Plaintiff are Diverse.

**20.**

As alleged in the Petition for Damages, Plaintiff Fred Richissin is a person of the full age of majority, domiciled in the city of Madisonville, St. Tammany Parish, Louisiana.[5]

**21.**

Defendant Aurobindo USA is a corporation, organized as such under the laws of the State of Delaware.  Aurobindo USA's corporate headquarters and principal place of business are located at 279 Princeton Highstown Road, Windsor, New Jersey 08520.

**22.**

Defendant Aurolife is a limited liability company organized under the laws of the State of Delaware.   The citizenship of a limited liability company is determined by the citizenship of its members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 110 S.Ct. 1015 (1990).  The sole member of Aurolife Pharma, LLC is Aurobindo USA, which is a Delaware corporation with its principal place of business in New Jersey.

**23.**

Defendant Aurobindo Pharma, Ltd. is an Indian corporation, with its principal place of business located in Hyderabad, India.

---

[5]  *See* Petition for Damages, p. 1, included in **Exhibit A**.

**24.**

Defendant CVS Pharmacy, Inc. is a Rhode Island corporation with its principal place of business in Rhode Island.

**25.**

Defendant Solco Healthcare U.S., LLC is a limited liability company organized under the laws of the State of New Jersey. The sole member of Solco Healthcare U.S., LLC is Prinston Pharmaceutical, Inc., which is a Delaware corporation with its principal place of business in Cranbury, New Jersey.

**26.**

Defendant ZHP is a Chinese corporation, with its principal place of business located in China.

**27.**

Defendant Huahai U.S. is a corporation, organized as such under the laws of the State of New Jersey. Huahai U.S.'s principal place of business is located at 2002 Eastpark Blvd., Cranbury, New Jersey 08512.

**28.**

Defendant Prinston is a corporation, organized as such under the laws of the State of Delaware. Prinston's principal place of business is located at 2002 Eastpark Blvd., Cranbury, New Jersey 08512.

**29.**

Defendant Hetero Labs is an Indian corporation, with its principal place of business located at 7-2-A2, Hetero Corporate, Industrial Estates, Sanath Nagar, Hyderbad-500 018, Telangana, India.

**30.**

Defendant Hetero Drugs, Limited is an Indian corporation, with its principal place of business located at 7-2-A2, Hetero Corporate, Industrial Estates, Sanath Nagar, Hyderbad-500 018, Telangana, India.

**31.**

Defendant Hetero USA is a corporation, organized as such under the laws of the State of Delaware. Hetero USA's principal place of business is located at 1035 Centennial Avenue, Piscataway, New Jersey 08854.

**32.**

Defendant Camber is a corporation, organized as such under the laws of the State of Delaware. Camber's principal place of business is located at 1031 Centennial Avenue, Piscataway, New Jersey 08854.

**33.**

Based on Plaintiff's own allegations, the entities not listed in the caption, but which appear in the body of the Petition for Damages, are all citizens of states other than Louisiana. See Petition for Damages, Section I, paragraph nos. 10-17, 24-29, 35-51 and 60-96, included in **Exhibit A**.

**34.**

"John Does 1 through 50" are fictitious, are not parties to the action, have not been served, and are properly disregarded for the purposes of removal. When determining whether diversity jurisdiction exists, "the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1); *Lewis v. Valero Ref.-New Orleans*, No. CV 16-16590, 2017 WL 955684, at *3 (E.D. La. 2017).

**35.**

Because Plaintiff is a citizen of Louisiana and Defendants are citizens of states other than Louisiana, complete diversity exists. Again, only minimum diversity is required by CAFA.

### B.  There are More than 100 Putative Class Members.

**36.**

Under CAFA, a removing defendant must show that there are at least 100 individuals in the Class.

**37.**

Plaintiff's Petition for Damages purports to define the class size as follows:

> **Numorosity:**  While the exact number of Class members cannot be determined without discovery, the proposed Class members are so numerous that joinder of all Class members in a single action is impracticable.  Plaintiff is informed and therefore alleges that the Class consists of tens of thousands and/or potentially hundreds of thousands of Louisiana residents who consumed contaminated valsartan products.[6]

**38.**

Therefore, based on Plaintiff's own allegations, the Class in this case is potentially tens of thousands of members strong, and almost certainly greater than 100 individuals.

### C.  The Amount in Controversy Exceeds $5,000,000.

**39.**

CAFA requires the aggregate sum of the class claims to exceed the sum or value of $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).

---

[6]  *See* Petition for Damages, ¶ 380, included in **Exhibit A**.

**40.**

In determining the amount in controversy, courts look to the "face of the pleadings." *St. Paul Mecury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938).

**41.**

A notice of removal "need not contain evidentiary submissions," but merely a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014); *see also* 28 U.S.C. § 1446(a) (notice of removal need only contain a "short and plain statement of the grounds for removal").

**42.**

Although a complaint may not seek recovery of a specific amount, the amount in controversy may be established if it is facially apparent when looking at the size of the class and the claim for attorneys' fees, that at least $5 million is in controversy. *See Frazier v. Pioneer Americas LLC*, 455 F.3d 542, 545 (5th Cir. 2006) ("there is minimal diversity, and although the petition did not seek recovery of a specific amount, we are satisfied the petition, seeking damages for sever injuries suffered by at least 500 people and attorneys' fees, makes it "facially apparent" that at least $5 million is in controversy, in the aggregate.").

**43.**

Here, the Petition for Damages defines the Class as consisting of tens of thousands and/or potentially hundreds of thousands of Louisiana residents:

> . . . who consumed Defendants' generic valsartan-containing drugs ("VCDs") that were contaminated with an IARC- and EPA-listed probable human carcinogen known as N-nitrosodimethylamine ("NDMA"), and/or an IARC- and EPA-listed probable human carcinogen known as N-nitrosodiethylamine ("NDEA"), and who thus suffered cellular damage, genetic harm, and/or are at an increased risk of developing cancer as a result, but have not yet been diagnosed with cancer.[7]

---

[7] *See* Petition for Damages, ¶¶ 1 and 380, included in **Exhibit A**.

**44.**

Plaintiffs have not made a specific monetary demand in the Petition for Damages. However, because Plaintiff alleges that the Class consists of tens of thousands and/or potentially hundreds of thousands of Louisiana residents and because of the kinds and range of damages sought, the amount-in-controversy likely exceeds $5,000,000.00.

**45.**

In summary, Plaintiff is alleging that he and all Class members suffered personal injury and economic damages arising out of Defendants' manufacturer, design and distribution of prescription VCDs and their purchase and use of the same.[8]

**46.**

The Petition for Damages purports to allege seven claims for relief against all Defendants on behalf of Plaintiff, "Individually and on Behalf of the Class": (1) Negligence, (2) Medical Monitoring, (3) Products Liability-Manufacturing Defect Under LSA-RS 9:2800.55, (4) Failure to Warn Under LSA-RS 9:2800, (5) Design Defect Under LSA-RS 9:2800.56, (6) Breach of Implied Warranty Under LSA-RS 9:2800.58, and (7) Breach of Express Warranty in Redhibition.[9]

**47.**

Plaintiff seeks, on behalf of himself and the Class members, monetary relief, including:

> . . . compensatory damages for, and the creation of a fund to finance the costs of, medical monitoring procedures (1) to notify and alert [the proposed class], (2) to provide for [purported] necessary testing and screening including but not limited to blood tests, physical examinations, imaging, colonoscopies, endoscopies, and other similar methods for examination, biopsies, pathologic, histologic, and oncologic evaluations, oncologic, histologic, surgical and other necessary medical consultations, (3) to provide for [purported] necessary medical and surgical procedures for diagnosis and treatment, (4) to provide for all [purported] necessary

---

[8] *See* Petition for Damages, at ¶ 8-9, included in **Exhibit A**.
[9] *See* Petition for Damages included in **Exhibit A**.

11

evaluations and treatment, ***attorneys' fees, costs, interest***, and such further relief as the Court deems equitable and just.[10]

**48.**

In addition, Plaintiff and all Class members seek:

. . . the return of purchase price paid for Defendants' valsartan-containing drugs, including, but not limited to, insurance co-payments, ***interest on these amounts from the date of purchase, attorneys' fees and costs, pecuniary and non-pecuniary damages***, as well as any other legal and equitable relief to which Plaintiff and the Class members may be entitled."[11]

**49.**

Also, the Petition for Damages states: "Plaintiff and the Class members preserve their [purported] entitlement to any economic remedy for all harms alleged."[12]

**50.**

Accordingly, it is facially apparent that the amount in controversy for this putative class action, whose membership Plaintiff alleges consists of tens of thousands and/or potentially hundreds of thousands of Louisiana residents who suffered purported personal injuries allegedly as a result of Defendants' manufacturer, design and distribution of prescription VCDs and their purchase and use of the same, exceeds $5,000,000 in the aggregate.

**51.**

Additionally, plaintiffs have not entered any stipulation limiting any award which may be made, nor have they provided any affidavits waiving any recovery. Thus, plaintiffs have not taken the steps to irrevocably limit their potential damage award, which is required by the Fifth Circuit

---

[10] *See* Petition for Damages, at ¶¶ 399, 416, 431, 446, 458 and 468, included in **Exhibit A**. (Emphasis added.)
[11] *See* Petition for Damages, at ¶ 476, included in **Exhibit A**. (Emphasis added.)
[12] *See* Petition for Damages, at ¶ 8, included in **Exhibit A**.

12

when the injuries described in the Petition for Damages facially appear to exceed the jurisdictional amount in controversy. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995).

**52.**

As such, Defendants (although specifically denying any liability for the damages alleged in the Petition for Damages) submits that it is facially apparent that the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

## **OTHER MATTERS**

**53.**

Pursuant to 28 U.S.C. § 1442(a), venue is proper in this Court as the 22nd Judicial District Court for the Parish of St. Tammany, where the state action is pending, is a state judicial district within the Eastern District of Louisiana pursuant to 28 U.S.C. §98(a).

**54.**

In accordance with the provisions of 28 U.S.C. § 1446(a), Defendants attach as **Exhibit A** to this Notice of Removal a copy of all process, pleadings, and orders served upon Defendants in *Fred Richissin, et al. v. Camber, et al.*, Case No. 201913601, Division F, from the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.

**55.**

Pursuant to the requirements of 28 U.S.C. § 1446(d), a Notice of Filing, attaching a copy of this Notice as an exhibit, will be filed with the Clerk of Court for the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.[13]

---

[13] *See* Notice of Filing of Notice of Removal, attached as **Exhibit G**.

**56.**

Defendants hereby reserve any and all rights to assert, as defenses to the Petition for Damages, all defenses permitted by Rule 12 of the Federal Rules of Civil Procedure, as well as all other jurisdictional, procedural, and venue defenses to the metis of the action.

**57.**

Defendants request a trial by jury on all issues.

**WHEREFORE**, Defendants Aurobindo Pharma USA, Inc. and Aurolife Pharma, LLC respectfully submit this Notice of Removal of the state court action to this Court and respectfully request that this Court hereby remove the action now pending against it in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.

Respectfully submitted,

**LARZELERE PICOU WELLS
    SIMPSON LONERO, LLC**
3850 N. Causeway Boulevard
Suite 500 – Two Lakeway Center
Metairie, Louisiana 70002
Telephone: (504) 834-6500
Facsimile: (504) 834-6565
E-mail: mwells@lpwsl.com
           egodofsky@lpwsl.com

**BY:**     */s/ Evan J. Godofsky*
**MORGAN J. WELLS, JR. (#18499)**
**EVAN J. GODOFSKY (#32471)**

**ATTORNEYS FOR DEFENDANTS,
AUROBINDO PHARMA USA, INC.
AND AUROLIFE PHARMA, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of November, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service. I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States Mail, properly addressed and postage prepaid.

                                                              */s/ Evan J. Godofsky*